

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MAHDI HAKIM, a/k/a/ Damon Hargrove, | CIV 08-4097 |
|  | CR 05-40025 |
| Movant, |  |
| -vs- |  |
|  | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | AND ORDER |
| Respondent. |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Mahdi Hakim, a/k/a Damon Hargrove, has filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence.[1] In this motion, Hakim brings forth four claims:

1. Insufficient evidence to prove conspiracy.

2. Court error in enhancing defendant's sentence pursuant to 21 U.S.C. §§ 841 and 851.

3. Ineffective assistance of counsel.

4. Violation of due process rights.

The government filed an answer to the motion and a brief in support of the answer. For the reasons discussed below, the motion to vacate, set aside, or correct his sentence will be denied.

## BACKGROUND

On March 17, 2005, Hakim was indicted for conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Hakim was

---

[1] Hakim also requests a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on an amendment to the Sentencing Guidelines which lowered the base offense levels applicable to certain cocaine base ("crack") offenses. The Court will grant Hakim's motion to sever this request from his § 2255 petition and will address the motion for sentence reduction in a subsequent order.

1

arraigned and entered a plea of not guilty on June 6, 2006. Trial was set for August 15, 2006. The government filed a pre-trial information pursuant to § 851(a)(1) on August 14, 2006, stating its intent to enhance defendant's sentence based upon Hakim's two prior convictions for felony drug offenses. (Doc. 28). A jury trial commenced on August 15, 2006. The jury found defendant guilty on August 16, 2006, of conspiracy to distribute or possess with intent to distribute 50 grams or more of a mixture and substance containing cocaine base.

Pursuant to § 851, the information alleged that Hakim had two prior convictions for felony drug offenses.[2] The government attached to the information certified copies of the judgments for each conviction.[3] The judgments showed Hakim was sentenced on December 19, 1995, to (1) five years' imprisonment for his first drug trafficking conviction, (2) ten years' imprisonment for his second drug trafficking conviction, and (3) five years' imprisonment for a weapon conviction. The court ordered the defendant to serve his sentences concurrently.

On November 7, 2006, Hakim appeared for sentencing before this Court for the August 16, 2006, conviction. Hakim's offense level was calculated to be 37, with a criminal history category of VI, resulting in a sentencing guidelines range of 360 months to life.[4] The statutory mandatory

---

[2] (1) On December 22, 1995, in *State of Missouri v. Damon L. Hargrove*, defendant was convicted in the Circuit Court of Jackson County, Missouri at Kansas City (Case No. CR95-0176) of Trafficking in the Second Degree, a Class B felony; (2) On December 22, 1995, in *State of Missouri v. Damon L. Hargrove*, defendant was convicted in the Circuit Court of Jackson County, Missouri at Kansas City (Case No. CR95-0177) of Trafficking in the Second Degree, a Class A felony.

[3] According to the first judgment (Case No. CR95-0176), Hakim pled guilty on October 16, 1995, to Trafficking in the Second Degree, a Class B felony that occurred on October 28, 1994. According to the second judgment (Case No. CR95-0177), Hakim pled guilty on October 16, 1995, to Trafficking in the Second Degree, a Class A felony, and Unlawful Use of a Weapon, a Class D felony, crimes that occurred on November 16, 1994.

[4] Following Hakim's conviction by the jury on August 16, 2006, this Court ordered the preparation of a Presentence Investigation Report. The PSR provided that, on October 28, 1994, Hakim had been arrested during a traffic stop where 4.54 grams of cocaine base and a semi-automatic handgun were found in his vehicle. In relation to that arrest, paragraph 30 stated defendant was subsequently convicted on December 19, 1995, of Trafficking in the Second Degree in Jackson County, Missouri (Case No. CR 95-0176), and sentenced to five years' imprisonment. Paragraph 31 of the PSR also provided that, on November 16, 1994, defendant was arrested again when police found a .380 caliber handgun, a .45 caliber handgun, and 19.64 grams of crack cocaine in Hakim's vehicle. In relation to that arrest, paragraph 31 stated defendant was subsequently convicted on December 19, 1995, of trafficking in the Second Degree, and Unlawful Use of Weapon, in Jackson County, Missouri (Case No. CR 95-0177). Hakim was sentenced to concurrent terms of ten years' imprisonment for the drug trafficking offense and five years' imprisonment for the weapon offense. Finally, paragraph 30 of the PSR confirmed Hakim had been arrested for these crimes in the span of less than one month, and paragraphs 30 and 31 confirmed the State of Missouri had dismissed one count in relation to Hakim's first trafficking offense and two counts in relation to Hakim's second trafficking offense. Hakim did not object to any facts contained in these three paragraphs of the PSR. At sentencing, the Court affirmed Hakim and his counsel had adequate time to review Hakim's

minimum was a life sentence because of the two prior felony drug convictions. *See* 21 U.S.C. §§ 841(b)(1)(A) and 851(a)(1). The Court sentenced Hakim to life imprisonment, stating the sentence was mandatory and informing Hakim that the Court was unable to exercise any kind of discretion with regard to the sentence.

Hakim appealed his conviction to the Eighth Circuit, claiming there was insufficient evidence to convict him of his offense. On June 21, 2007, the Eighth Circuit affirmed Hakim's conviction. *United States v. Hakim*, 491 F.3d 843, 844 (8th Cir. 2007). He did not petition for rehearing and his opportunity to file for a writ of certiorari expired 90 days later.

On June 23, 2008, Hakim filed the present motion pursuant to 28 U.S.C. § 2255. Hakim first contends Ronnie Shaw, the government's central witness, presented false testimony and that, accordingly, the government failed to prove that a conspiracy was possible. He also argues that the Court erred by enhancing his sentence pursuant to 21 U.S.C.§§ 841 and 851. The government filed a response and a brief in support of their response on September 26, 2008.

On February 26, 2010, Hakim filed a reply to the government's response in which he further argued his counsel was ineffective for failing to challenge the prior convictions that subjected him to a mandatory term of life imprisonment and that his due process rights were violated. The Court subsequently ordered the government to respond to these claims.

The government filed a response to Hakim's reply brief on May 3, 2010.[5] The government contends that Hakim's counsel was not ineffective because the record demonstrated Hakim had two distinct, prior convictions for felony drug offenses. The government argues that Hakim waived his ability to challenge his prior convictions and that the statute of limitations to challenge the prior

---

PSR. The Court then denied Hakim's objections to the PSR, all of which were unrelated to his current claim.

Jim Svoboda, a detective with the Kansas City police department, testified about Hakim's criminal history at sentencing on November 7, 2006. Svoboda testified that Hakim was arrested on October 28, 1994, for the offense referenced in paragraph 30 of the PSR, and on November 16, 1994, for the offense referenced in paragraph 31 of the PSR. Another detective from Kansas City, Jim Campo, also testified at Hakim's sentencing. Campo testified that Hakim had been arrested on October 28, 1994, having a semi-automatic handgun and four and a half grams of cocaine in his possession.

[5]Hakim's counsel at trial and on appeal was Brendan V. Johnson, currently the United States Attorney for the District of South Dakota. Accordingly, the Executive Office of the United States Attorneys notified the United States Attorney's Office for the District of South Dakota that future appearances for the respondent would be handled by the United States Attorney's Office for the Northern District of Iowa, including further response to Hakim's motion under 28 U.S.C. § 2255. *See* 28 U.S.C. § 515.

convictions has passed. Additionally, the government argues that Hakim had proper notice of the prior conviction and the effect it would have on the maximum sentence, and that, accordingly, his due process rights were not violated.

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the Court to vacate, set aside or correct the sentence under 28 U.S.C. § 2255:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

The right of collateral review is "an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994)). Thus, § 2255 actions are limited by the preclusive effect of decisions resulting from prior direct appellate review and by the doctrine of procedural default. Claims which have been raised and decided on direct appeal are precluded from further litigation under § 2255. *See Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). Likewise, under the doctrine of procedural default, issues that could have been but were not raised on direct appeal are waived and cannot be asserted for the first time in a collateral § 2255 action absent a showing of cause and actual prejudice, or a showing of actual innocence. *Bousley*, 523 U.S. at 622. *See also United States v. Collier*, 585 F.3d 1093, 1097 (8th Cir. 2009); *United States v. Bailey*, 235 F.3d 1069, 1071 (8th Cir. 2000).

Even where an error did occur, a conviction will not be overturned if that error is deemed to have been harmless. *See United States v. Barnhart*, 979 F.2d 647, 652 (8th Cir. 1992). Additionally, the exception does not apply to nonconstitutional or nonjurisdictional errors that could have been but were not raised on direct appeal. *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). *See also Brennan v. United States*, 867 F.2d 111, 120 (2nd Cir. 1989); *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir. 1988).

## A. Testimony of Ronnie Shaw

At Hakim's trial, Shaw testified that Hakim supplied him with crack cocaine for the purposes of distributing it on approximately six occasions. After selling the crack, Shaw wired Hakim his agreed upon share of the proceeds. This relationship continued until Shaw was arrested by law enforcement in Sioux Falls. At trial, the government presented phone records establishing that over 100 calls were made between Shaw and Hakim during the period of the alleged conspiracy. Western Union money transfers, checks and a file history confirmed the date, sender, location of the pick up, and amount of money involved in a transaction between Shaw and Hakim.

Hakim now seems to argue that Shaw's past convictions and arrests make it factually impossible that he conspired with Hakim. Hakim also claims that Shaw had other drug suppliers and simply used Hakim to get a reduction in his sentence.

This claim is precluded from further litigation under § 2255 because it was already raised and decided on appeal. *Bear Stops*, 339 F.3d at 780. *See also Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992). In his appeal to the Eighth Circuit, Hakim raised the issue of the sufficiency of Shaw's testimony and the Court denied his claim. The Eighth Circuit held that the evidence presented to the jury at trial indicated:

> (1) Hakim and Shaw had an ongoing, long-term, mutually profitable relationship during which Shaw relied on Hakim for obtaining cocaine and Hakim relied on Shaw for distributing it to his Sioux Falls contacts; (2) Hakim knowingly sought out Shaw precisely to enter into such a relationship; and (3) the two repeatedly acted in concert pursuant to this shared purpose and understanding. From this, a jury could find beyond a reasonable doubt that Hakim was part of an illegal drug conspiracy.

*Hakim*, 491 F.3d at 846.

The Court holds that Hakim's claim is precluded. He will not be allowed to circumvent the rules of procedure by relitigating an issue from his appeal in his motion to vacate. *See United States v. Shabazz*, 657 F.2d, 189, 190 (8th Cir. 1981) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255"). The Court also finds that Hakim has failed to establish cause and prejudice, and that he has failed to establish factual innocence. Thus, this claim is procedurally defaulted.

## B. Prior Convictions and Sentencing

21 U.S.C. § 841(b)(1)(A) provides that when a defendant is found to have committed one of the enumerated drug offenses, after having been convicted of two previous felony drug offenses, the defendant is subject to a mandatory life sentence. Pursuant to 21 U.S.C. § 851(a)(1), United States attorneys must file an information with the Court stating in writing the previous convictions to be relied upon, in order to establish prior convictions for felony drug offenses. If a defendant denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, under § 851(c)(1) a defendant must file a written response to the information. Additionally, § 851(b) instructs the Court to inquire whether the defendant affirms or denies the previous convictions before sentencing and inform the defendant that any challenge to a prior conviction not made before sentence may not thereafter be raised to attack the sentence. Lastly, § 851(e) provides a statute of limitations for defendants to challenge the validity of their prior convictions.

Hakim argues that the Court erred by applying the sentencing enhancement. Specifically, Hakim challenges whether these particular offenses can be used to enhance his sentence pursuant to § 841(b)(1)(A) and § 851, as he believes they constitute only one prior offense.

Without even considering the merits of Hakim's arguments, his challenge faces several procedural obstacles. First, Hakim waived his ability to challenge his prior convictions. At sentencing, pursuant to 21 U.S.C. § 851(b), the Court specifically asked Hakim to affirm or deny his prior convictions for felony drug offenses and informed Hakim he could not later contest the validity of those convictions if he did not challenge them at sentencing. Hakim acknowledged he understood the Court's warning and, after conferring with his attorney, admitted that he was convicted of two drug related offenses. [6] While the government requested a continuance of the proceeding to allow Hakim to file a written response to its information, Hakim instructed his

---

[6] Hakim did argue that his offense on October 24, 1994, was "actually a simple possession count," and not a trafficking count. However, even if defendant's offense had been for possession rather than trafficking, pursuant to 21 U.S.C. § 802(44), Hakim's conviction would have been for a felony drug offense because it was punishable by more than one year imprisonment and related to narcotic drugs. *See United States v. Hawkins,* 548 F.3d 1143, 1150 (8th Cir. 2008).

6

attorney that he wanted to admit the charges in the information. Hakim acknowledged he was waiving his rights to later challenge the convictions and that he understood that the consequences of the waiver were a mandatory life sentence. Hakim fails to address his waiver or to claim it was due to ineffective assistance of counsel. Instead, he argues that the facts related to his prior convictions were inaccurately represented, altered, and misconstrued. However, as Hakim personally admitted his convictions at sentencing and waived his right to subsequently attack them as a basis for his sentence, the Court finds that his § 2255 claim is barred under § 851(b) and must be denied.

Secondly, the statute of limitations to challenge the validity or accuracy of Hakim's prior convictions has passed. Under § 851(e), "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of information alleging such prior conviction." Hakim's convictions were dated December 19, 1995. Therefore, his convictions "occurred more than five years before the date of the information alleging such prior conviction[s]." 18 U.S.C. § 851(e). The Court finds that Hakim is barred from challenging the validity or accuracy of his prior convictions.

The Court did not err by enhancing Hakim's sentence. Hakim has failed to establish that he did not waive his right to challenge the past convictions or that the statute of limitations does not apply.

### C. Ineffective Assistance of Counsel

Hakim claims his Sixth Amendment right to effective assistance of counsel was violated by his counsel's failure to object to the sentencing enhancement and challenge Hakim's two prior convictions for felony drug offenses.

Hakim "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To establish a claim of ineffective assistance of counsel, Hakim must satisfy the two-part test set forth in *Strickland v. Washington*, 446 U.S. 668 (1984).

First, under the "deficient performance" component, Hakim must show that his lawyer's representation fell so far below an objective standard of reasonableness that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

Judicial review of trial counsel's effectiveness is highly deferential, and this court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The reasonableness of counsel's performance must be evaluated by considering the circumstances faced by the attorney at the time in question, without the benefit of hindsight. *Sanders v. Trickey*, 875 F.2d 205, 207 (8th Cir. 1988). Strategic and tactical decisions made by counsel, though they may appear unwise, cannot serve as the basis for an ineffective-assistance claim. *Evans v. Luebbers*, 371 F.3d 438, 445 (8th Cir. 2004).

Second, under the "prejudice" component, Hakim must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 446 U.S. at 694. "It is not sufficient for a defendant to show that the error had some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004). If Hakim fails to show deficient performance by counsel, the Court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). Additionally, the Court does not need to address the performance prong if petitioner does not affirmatively prove prejudice. *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999).

Hakim argues that his attorney deficiently failed to argue that the prior convictions constituted only one prior felony drug offense. He claims the convictions were for occurrences that were components of a single act of criminality, not separated by an intervening arrest, part of a single criminal episode, charged in the same conviction, consolidated for sentencing and punished with concurrent sentences. Thus, Hakim argues the prior offenses constituted a single offense.

When determining whether a defendant has one or two prior convictions for purposes of applying § 841's mandatory minimum sentences, "what matters... is that there are at least two 'prior convictions' involving different criminal episodes." *United States v. Hawkins*, 548 F.3d 1143, 1149 (8th Cir. 2008); *See United States v. McAtee*, 481 F.3d 1099, 1105 (8th Cir. 2007) (Court states that "if two or more previous drug felony convictions result from acts forming a single criminal episode, they should be treated as a single conviction for sentencing enhancement") (internal quotation omitted). That Hakim's convictions were entered on the same day "does not, by itself, alter their character as separate felony drug offenses." *Hawkins*, 548 F.3d at 1149. An individual criminal

episode is "a separate, punctuated occurrence with a limited duration" and "may be an incident that is part of a series, but forms a separate unit within the whole." *United States v. Gray,* 152 F.3d 816, 821-22 (8th Cir. 1998) (holding two sentences were separate episodes where convictions and sentences were on the same day and the sentences were ordered to run concurrently). Under this definition, offenses may be separate criminal episodes even while sharing the same conviction and sentencing dates, or if their sentences were ordered to run concurrently. *Hawkins,* 548 F.3d at 1149; *United States v. Cook,* 356 F.3d 913, 916 (8th Cir. 2004) (holding convictions separate and stating that "[i]t does not matter that [the defendant] was convicted and sentenced on the same day").

Here, the evidence established Hakim had previously been convicted of two distinct felony drug offenses stemming from two separate criminal episodes–the first occurring in October 1994, and the second occurring in November 1994. The incidents involved separate conduct and were separated by an intervening arrest. Hakim was charged for the offenses individually, and convicted of a separate felony for each offense–a Class B felony for the October incident and a Class A felony for the November incident. Though Hakim was convicted and sentenced on the same day and the sentences ran concurrently, the offenses were separate and distinct criminal episodes.

Additionally, Hakim provided no evidence at sentencing, nor does he provide any now, to corroborate his claims that the documents were altered as part of a conspiracy to enhance his sentence. Hakim's convictions and their circumstances were established at sentencing through certified documents and the testimony of two witnesses. Hakim raised no objection to the documents, the witnesses' testimonies, the PSR, or the § 851 information. Instead, he openly admitted to the convictions as contained in the information.

Accordingly, the Court cannot say that Hakim's counsel was deficient or unreasonable for failing to challenge Hakim's convictions, as neither the law, the facts, nor the defendant himself supported such a position. *See Toledo v. United States,* 581 F.3d 678, 681 (8th Cir. 2009) ("It is not ineffective assistance of counsel to withdraw objections that have no support in the law"). The Court finds that Hakim has failed to show that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment, or that, but for counsel's errors, the result of the proceeding would have been different. Accordingly, Hakim's claim is denied.

## D. Violation of Due Process

Lastly, Hakim asserts that his due process rights were violated because the government's § 851 information failed to provide him notice that he would be subject to a life sentence as a career offender.

The Court finds that this claim is also procedurally barred. Hakim failed to raise this issue on appeal. Additionally, even if this claim had been brought in a timely manner, the Court finds it would fail on the merits.

As stated above, the government's information stated that, pursuant to § 851, it was providing notice to defendant that it was seeking "increased punishment based upon the defendant's prior convictions for felony drug offenses as provided for in 21 U.S.C. § 841(b), and as defined in 21 U.S.C. § 802(44)." The information listed the exact convictions, courts of conviction, and the relevant case numbers. The government also attached certified copies of the judgments to the information. Hakim was able to file objections to the information prior to sentencing, and the Court gave Hakim an opportunity to deny his convictions at sentencing. Additionally, Hakim admitted at sentencing that he understood the ramifications of his prior convictions and that they subjected him to a mandatory life sentence. Thus, due process was satisfied. *See United States v. Roundtree*, 534 F.3d 876, 881 (8th Cir. 2008) ("The purpose of notice under § 851 is to comply with the requirements of due process. . . and [it] is sufficient if a defendant receives 'notice of the prior conviction, the effect it would have on the maximum sentence, and an opportunity to dispute the conviction.'") (internal quotation omitted).

## E. Certificate of Appealability

When the Court has denied a motion under 28 U.S.C. § 2255, the petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing" under this section showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, "a substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.

1997). Hakim has not made a substantial showing that there was an error at trial.

## Conclusion

Based upon the foregoing discussion, it is the conclusion of the Court that Hakim's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence is denied. Accordingly,

IT IS ORDERED:

1. That the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied; and

2. That a Certificate of Appealability shall not issue on any of the issues raised in the § 2255 motion.

Dated this 2nd day of June, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Summer Wahufied
DEPUTY