UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
AUG 0 2 2012

| | |
|---|---|
| MAHDI HAKIM, | CIV 08-4097 |
| | CR 05-40025 |
| Movant, | |
| -vs- | MEMORANDUM OPINION |
| | AND ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Movant Mahdi Hakim ("Hakim") filed a Motion for a Sentencing Reduction pursuant to 18 U.S.C. § 3582(c)(2) based on an amendment to the Sentencing Guidelines which lowered the base offense levels applicable to certain cocaine base offenses. Hakim combined the motion for a sentence reduction with his Motion to Vacate under 28 U.S.C. § 2255, and the Court granted his later request to sever the two motions. The Motion to Vacate was denied by Memorandum Opinion and Order issued on June 2, 2010. Subsequently, Hakim filed a Motion for Preservation of Rights, doc. 101, asserting that he is entitled to a sentence reduction pursuant to the Fair Sentencing Act of 2010. Hakim also filed a Rule 60(b) motion to reopen, doc. 102, claiming that the Court failed to address six ineffective assistance of counsel claims when it ruled on Hakim's § 2255 motion. For the following reasons, the motions will be denied.

## BACKGROUND

On March 17, 2005, Hakim was indicted for conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 846. Hakim was arraigned and entered a plea of not guilty on June 6, 2006. A jury trial commenced on August 15, 2006. On August 16, 2006, the jury found Hakim guilty of conspiracy to distribute or possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base.

Sentencing occurred on November 7, 2006. Hakim's offense level was 37. With a criminal history category of VI, the sentencing guideline range was 360 months to life. The statutory

mandatory minimum was a life sentence under the version of 21 U.S.C. § 841(b)(1)(A) in effect at the time of sentencing because of Hakim's two prior felony drug convictions. *See* 21 U.S.C. § 851(a)(1). The Court sentenced Hakim to life imprisonment, stating that the sentence was mandatory and informing Hakim that the Court was unable to exercise any kind of discretion with regard to the sentence.

## DISCUSSION

A. <u>Motion for Sentence Reduction Based on 2007 Guideline Amendments and Motion for Sentence Reduction Pursuant to the Fair Sentencing Act of 2010.</u>

On November 1, 2007, the Sentencing Commission issued amendments to the crack cocaine guidelines ("Amendments") which lowered sentencing ranges for most crack offenses by two offense levels. On December 11, 2007, the Commission voted to apply the Amendments retroactively to cases in which the defendant was sentenced before November 1, 2007. The Commission also modified USSG § 1B1.10, the guideline concerning retroactive application of the Amendments.

This Court has authority to reduce a sentence when the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . ." 18 U.S.C. § 3582(c)(2). The applicable policy statement issued by the Sentencing Commission, USSG § 1B1.10, provides in relevant part:

> (a) Authority.-
> * * *
> (2) Exclusions.- - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if-
> * * *
> (B) [the crack cocaine sentence reduction amendment] does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) Limitation.- - Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

USSG § 1B1.10(a)(2)-(3).

In his original § 2255 petition, Hakim stated that, with a two level reduction pursuant to the 2007 Amendments, his total offense level would be 35 and his revised sentencing range would be 292 to 365 months. Unfortunately for Hakim, the Amendments do not apply to a defendant subject to a statutory mandatory minimum. In *United States v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008), the Eighth Circuit held that Johnson was not eligible for a sentence reduction under the Amendments because his guideline range was determined by reference to a statutory mandatory minimum, and not the drug quantity table for crack cocaine offenses. In affirming the denial of relief under the Amendments, the Eighth Circuit stated:

> Johnson submits that these amendments would reduce his guidelines range for the drug charge to 78-97 months, but because this is lower than the 120 month minimum in 21 U.S.C. § 841(b)(1)(A), 120 months would become the guideline sentence under [USSG] § 5G1.1(b). Since the district court used the 120 month mandatory minimum as its point of departure, resentencing is not warranted.

*Id.* at 1024. In the present case, Hakim's guideline sentence after application of the 2007 Amendments is lower than the statutory mandatory minimum life sentence, so his guideline sentence is not changed by the Amendments. Consequently, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2) because it is not consistent with the Sentencing Commission's policy statement at USSG § 1B1.10(a)(2)(B) excluding a reduction if the amendment does not lower the defendant's applicable guideline range. *See, e.g., United States v. Byers*, 561 F.3d 825 (8th Cir. 2009) (holding that statutory minimum became the defendant's guideline range).

In Hakim's most recent motion for a sentence reduction, doc. 101, he refers to the Fair Sentencing Act. The Fair Sentencing Act, enacted on August 3, 2010, raised the amount of cocaine base required for imposition of a mandatory minimum sentence. *See* Pub.L. No. 111-220, 124 Stat. 2372 (2010). The Supreme Court recently held that the Fair Sentencing Act applies retroactively to pre-Act conduct for which a defendant is sentenced on or after August 3, 2010, the Act's effective date. *Dorsey v. United States*, - - - U.S. - - -, 132 S.Ct. 2321 (2012). Because Hakim was sentenced well before August 3, 2010, the Fair Sentencing Act does not apply to him. The Sentencing Commission, however, amended the Sentencing Guidelines in order to implement the Fair

3

Sentencing Act, and the Commission voted to give retroactive effect to the new Guidelines which became effective on November 1, 2011. Since that date, this Court has been considering motions for sentence reductions pursuant to 18 U.S.C. § 3582(c) based on the crack cocaine 2011 Guideline amendments. As explained above, however, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2) if the amendment "does not have the effect of lowering the defendant's applicable guideline range." USSG §1B1.10(a)(2)(B). Again, Hakim's advisory guideline range might be changed by the Amendments, but the statutory mandatory minimum life sentence exceeds any advisory guideline range, and thus his guideline sentence remains at life. Consequently, a § 3582(c)(2) sentence reduction is not authorized by the 2011 Amendments because it is not consistent with the Sentencing Commission's policy statement at USSG §1B1.10(a)(2)(B) excluding a reduction if the crack amendment "does not have the effect of lowering the defendant's applicable guideline range."

B. Rule 60(b) Motion to Reopen.

Hakim seeks to reopen his original § 2255 proceeding under Federal Rule of Civil Procedure 60(b), claiming that the Court failed to address six of his claims. In his original motion, Hakim argued resentencing was necessary because retroactive amendments to the Sentencing Guidelines reduced his guidelines offense level. (Doc. 69.) The government filed a resistance to the motion, arguing the amendments were inapplicable because Hakim was subject to a mandatory term of life imprisonment. Hakim then filed a reply brief in which he more clearly argued his counsel was ineffective for failing to challenge his prior convictions that subjected him to a mandatory term of life imprisonment. (Doc. 87.) The Court ordered the government to respond to Hakim's claim of ineffective assistance of counsel, and the government filed a response. (Doc. 97.) Hakim's § 2255 motion was denied after the Court considered all of the arguments and authority. (Doc. 98.) The Court has again carefully reviewed Hakim's original motion and subsequent filings and cannot find mention of the six ineffective assistance of counsel claims listed in his Rule 60(b) motion.

The Eighth Circuit has instructed district courts to conduct "a brief initial inquiry" to determine whether a Rule 60(b) motion is actually a second or successive habeas petition. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). "If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." *Id.* The Supreme Court has held that Rule 60(b) motions should be treated as second or successive habeas petitions where they assert or reassert a federal basis for relief from the underlying conviction, including where a motion seeks to present a claim of constitutional error omitted from the movant's initial habeas petition, or challenges the habeas court's previous ruling on the merits of a claim. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005). Hakim raises new ineffective assistance of counsel claims in his Rule 60(b) motion that were not raised in his initial habeas petition. Based on the Supreme Court's teaching in *Gonzalez*, the Court concludes that Hakim's Rule 60(b) motion is a second or successive habeas petition under § 2255 and should be denied for failure to obtain authorization from the Eighth Circuit Court of Appeals as required by 28 U.S.C. § 2255(h) and *Boyd v. United States*. Accordingly,

> IT IS ORDERED that Movant is not entitled to a sentence reduction. The motion for sentence reduction, doc. 101, and the motion to reopen, doc. 102, are denied.

Dated this 2nd day of August, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)        DEPUTY