UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MAHDI HAKIM, | \* | CIV 08-4097 |
| | \* | CR 05-40025 |
| Movant, | \* | |
| | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| | \* | AND ORDER DENYING |
| UNITED STATES OF AMERICA, | \* | RULE 60(b) MOTION |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Mahdi Hakim ("Hakim") is a federal prisoner serving a statutory mandatory life sentence for a conviction of conspiracy to possess with intent to distribute or to distribute 50 grams or more of a mixture or substance containing cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and 846. In 2010, Hakim filed his first pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In that motion, Hakim alleged insufficient evidence to support his conviction, court error in enhancing his sentence pursuant to 21 U.S.C. §§ 841 and 851, ineffective assistance of his trial counsel and violation of due process. On June 2, 2010, this Court denied the motion. (Doc. 98.) Hakim now asks the Court to allow him to reopen his § 2255 habeas motion under Federal Rule of Civil Procedure 60(b) in order to "overcome a procedural barrier to its adjudication." (Doc. 110 at 12.) For the reasons stated below, the Rule 60(b) motion will be denied.

## BACKGROUND

In 2005, Hakim was indicted for conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Prior to trial, the government filed an information pursuant to 21 U.S.C. § 851(a)(1), stating its intent to enhance Hakim's sentence based upon his two prior convictions for felony drug offenses. In August, 2006, Hakim was tried and convicted by a jury.

On November 7, 2006, Hakim was sentenced to life imprisonment because of the enhanced mandatory minimum sentence due to his two prior felony drug convictions. He filed a direct appeal

challenging the sufficiency of the evidence to convict him. In 2007, the Eighth Circuit affirmed Hakim's conviction after finding that the evidence, including the testimony of Ronnie Shaw, the central government witness was sufficient to support his conviction. *See United States v. Hakim*, 491 F.3d 843 (8th Cir. 2007).

In Hakim's first § 2255 motion to vacate, Hakim argued that the government failed to prove a conspiracy because its central witness, Ronnie Shaw, presented false testimony. This claim was denied because Hakim raised the issue on appeal and was precluded from relitigating it in his § 2255. Next, Hakim challenged whether his two prior convictions could be used to enhance his sentence as he believed they constituted only one prior offense. This claim was barred by Hakim's waiver of the challenge, and the statute of limitations under § 851(e). However, the Court's analysis of Hakim's ineffective assistance of counsel claims required the Court to examine his claim that the two prior offenses were only one offense, and the Court found the evidence established that the offenses were separate and distinct criminal episodes. (Doc. 98 at 8-9.) Hakim's claim that his constitutional right to effective assistance of counsel was violated by his lawyer's failure to object to the sentence enhancement and to challenge Hakim's two prior felony convictions was denied on the merits. Finally, Hakim asserted that his due process rights were violated because the government's § 851 information failed to notify him that he would be subject to a life sentence. Noting that this claim was procedurally barred for failure to raise it on appeal, the Court nonetheless held that the government's information complied with due process notice requirements.

On July 16, 2012, Hakim filed a second § 2255 motion, arguing that he is actually innocent and that his conviction must be vacated under the then-recent United States Supreme Court decision in *DePierre v. United States*, 564 U.S. 70 (2011) (establishing that "cocaine base," as used in 21 U.S.C. § 841(b)(1), means not only crack cocaine, but all cocaine in its chemically basic form). Hakim's second § 2255 motion was dismissed because it was a successive petition without authorization, it was untimely, and because Hakim's argument that *DePierre* decriminalized his conduct lacked merit.

On July 11, 2017, Hakim filed a third § 2255 motion, arguing that his conviction violated the Constitution because the United States lacked jurisdiction over the land where the crime occurred. The third motion was denied as a successive petition without authorization and on the merits.

Hakim now asks the Court to set aside its June 2, 2010 Order denying his first § 2255 motion pursuant to Rule 60(b). He argues that recent opinions of the United States Supreme Court support claims that were previously unavailable. Hakim's 33-page motion is convoluted, but the Court has gleaned the following claims from a close reading of the motion: 1) that his mandatory minimum life sentence amounts to cruel and unusual punishment in violation of the Eighth Amendment; 2) that the 100-to-1 crack cocaine to powder cocaine quantity ratio in effect at the time of Hakim's sentencing discriminates on the basis of race in violation of the Equal Protection clause; 3) that the penalty imposed under § 841(b) far exceeded what was available for the underlying offense based on factors (prior convictions) that were not submitted to a jury and proven by a reasonable doubt, in violation of due process as set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S.Ct. 2151 (2013); and 4) that his sentence violates the Separation of Powers Doctrine.

Finally, in the last pages of his Rule 60(b) motion, Hakim appears to argue that his prior felony drug offenses do not qualify as § 841(b)(1)(A) predicate convictions under the Supreme Court's decisions in *Moncrieffe v. Holder*, 569 U.S. 184 (2013) (Georgia conviction for possessing a small amount of marijuana with intent to distribute, where there was no indication that noncitizen sought remuneration, did not qualify as an "aggravated felony" for purposes of deportation under the Immigration Nationality Act), and *Descamps v. United States*, 570 U.S. 254 (2013) (in determining whether a prior conviction qualifies as a predicate conviction under the Armed Career Criminal Act, a federal court may not use the modified categorical approach where the statute of conviction has a single, indivisible set of elements). Hakim seems to argue that *Moncrieffe* and *Descamps* announced new rules of law that justify a finding that his prior convictions are not predicate felony drug offenses.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) restricts filing second or successive habeas applications in order to serve the AEDPA's goals of finality and prompt adjudication. *See Crawford v. Minnesota*, 698 F.3d 1086, 1090 (8th Cir. 2012). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* 28 U.S.C. § 2255(h). A petitioner's failure to seek authorization from an appellate court before filing a second or successive habeas petition acts as a jurisdictional bar. *See Burton v. Stewart*, 549 U.S. 147 (2007).

When a motion filed pursuant to § 2255 has been denied and the prisoner files a Rule 60(b) motion, the district court must first determine whether the Rule 60(b) motion in fact amounts to a second or successive collateral attack under § 2255. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). If the Rule 60(b) motion is actually a second or successive collateral attack, the district court must dismiss the motion for failure to obtain authorization from the court of appeals or, in its discretion, transfer the motion to the court of appeals. *Id.*

Rule 60 governs the relief from a judgment, order, or proceeding. FED.R.CIV.P. 60. Specifically, Rule 60(b) is a catch-all provision that authorizes a court to grant relief from a final judgment upon limited grounds, including any reason that justifies relief. *See* Rule 60(b)(6). Courts are directed to use their broad powers under Rule 60(b)(6) only in "extraordinary circumstances" which "rarely occur" in the habeas context. *Davis v. Kelley*, 855 F.3d 833, 835 (8th Cir. 2017). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Id.* (quoting *Buck v. Davis*, —— U.S. ——, 137 S.Ct. 759, 778 (2017)).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court addressed when a federal court should construe a petitioner's motion for relief from judgment pursuant to Rule 60(b) as a

4

second or successive petition under AEDPA.[1] *Id.* at 526. The Court began its analysis by stating that "it is clear that for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Id.* at 530 (citations omitted). The Court acknowledged that "[i]n some instances, a Rule 60(b) motion will contain one or more 'claims,'" and held that "[a] habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a habeas corpus application, at least similar enough that failing to subject it to the same requirements would be inconsistent with the statute." *Id.* at 530–31 (internal quotations and citation omitted).

After noting that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction–even claims couched in the language of a true Rule 60(b) motion–circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts," the Court provided guidance as to when a Rule 60(b) motion advances one or more "claims." *Id.* at 531–32 (internal citations omitted). The Court stated that "[a] motion that seeks to add a new ground for relief" advances a claim, as does a motion that "attacks the federal court's previous resolution of a claim on the merits, ... since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532. No claim is presented, however, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," and courts should not construe such a motion as a second or successive petition. *See id.* Examples of proper Rule 60(b) motions include arguments that a court erroneously avoided deciding the merits of a claim for reasons such as "failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 532 n. 4.

Hakim asserts that he is trying to overcome a procedural barrier to the adjudication of claims he asserted in his first § 2255 motion, but Hakim's claims in his Rule 60(b) motion are actually

---

[1] Although *Gonzalez* considered "only the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254," *id.* at 530 n. 3, the Eighth Circuit has applied the *Gonzalez* rationale in habeas cases filed under 28 U.S.C. § 2255. *See United States v. Washington*, 211 Fed.Appx. 550, 550 (8th Cir. 2007) (per curiam) (unpublished).

newly asserted claims attacking the life sentence he received, claims that have been considered and rejected by courts. Thus Hakim's reliance on *Buck v. Davis*, — U.S. —, 137 S.Ct. 759 (2017), is misplaced.

In *Buck*, a capital case, the defendant's lawyer presented an expert witness during the penalty phase of trial whose report stated that, because defendant Buck was black, there was an "increased probability" that he was likely to pose a danger in the future. 137 S.Ct. at 768. Although the expert concluded that Buck himself was unlikely to pose a danger, the expert's report was admitted and the expert testified about the race factor. *Id.* at 768–69. Buck's first collateral petition in state court did not claim his trial counsel was ineffective for introducing this expert testimony, but his § 2254 federal petition did. *Id.* at 769–71. The district court rejected this ineffective assistance of counsel claim as procedurally defaulted. *Id.* at 770–71. Subsequently, a change in the law of procedural default was effected by the Supreme Court in *Martinez v. Ryan*, 566 U.S. 1 (2012) (holding when a state formally limits the adjudication of claims of ineffective assistance of trial counsel to collateral review, a prisoner may show cause for procedural default if (1) "the state courts did not appoint counsel in the initial-review collateral proceeding," or "appointed counsel in [that] proceeding ... was ineffective under the [Strickland] standards"; and (2) "the underlying . . . claim is a substantial one, which is to say that ... the claim has some merit"), and *Trevino v. Thaler*, 569 U.S. 413 (2013) (holding that the exception announced in *Martinez* extended to state systems that, as a practical matter, deny criminal defendants "a meaningful opportunity" to pursue ineffective assistance claims on direct appeal). After *Martinez* and *Trevino*, Buck filed a Rule 60(b)(6) motion seeking to reopen his § 2254 case. *Buck*, 137 S.Ct. at 771–72. After the district court denied relief, the Fifth Circuit denied a certificate of appealability. *Id.* at 771–74. Reversing, the Supreme Court determined that the district court had abused its discretion in denying Buck's Rule 60(b)(6) motion. *Id.* at 776–77, 780. The claim of ineffective assistance of counsel presented in the petition could now be considered on the merits instead of being dismissed as procedurally defaulted. *Buck*, — at —, 137 S.Ct. at 771-72. The Supreme Court found the requisite "extraordinary circumstances" to justify relief under Rule 60(b)(6) because of three factors: it was a death penalty case, the underlying claim involved a "pernicious" race-based claimed injury that harmed the petitioner and the entire community, and the

State of Texas admitted error and consented to resentencings in similar cases but refused to admit error in Buck's case. *Id.* at 777-80. In his dissent, Justice Thomas noted that the majority's opinion "relies on a convergence of three critical factors that will rarely, if ever, recur." *Id.* at 785-86.

Hakim's case differs procedurally from *Buck* because Hakim is not asking the Court to address claims that earlier were found to be procedurally defaulted and a subsequent change in the law altered that finding. Instead, Hakim offers new arguments not raised in his § 2255 motion. In addition, the extraordinary circumstances in *Buck* are not present in Hakim's case. Hakim asserts that the discriminatory nature of the mandatory minimums gives rise to the same sort of injury as in *Buck*, and he alleges that Congress' enactment of the Fair Sentencing Act ("FSA") "to stop racially discriminatory mandatory minimum sentences" is an extraordinary circumstance similar to that in *Buck*. (Doc. 110 at 19-20.) Hakim's argument is defeated by the Supreme Court's reasoning regarding the retroactivity of the FSA set forth in *Dorsey v. United States*, 567 U.S. 260 (2012).[2]

In *Dorsey,* the Supreme Court held that the more lenient mandatory minimums in the FSA apply to those offenders whose crimes occurred before the effective date of the Act, but who were sentenced after that date. 567 U.S. at 281. After *Dorsey,* the Eighth Circuit held that the FSA does not apply retroactively to defendants who were sentenced before August 3, 2010. *See United States v. Reeves,* 717 F.3d 647 (8th Cir. 2013). Hakim was sentenced years before the FSA became law and therefore does not fit within *Dorsey's* narrow holding that the new mandatory minimums apply only to persons sentenced after the effective date of the FSA. As the Supreme Court recognized in *Dorsey*, "application of the new minimums to pre-Act offenders sentenced after August 3 will create. . . disparities" between "pre-Act offenders sentenced before August 3 and those sentenced after that date." 567 U.S. at 280. These disparities, the Supreme Court reasoned, "reflect[ ] a line-drawing effort" and "will exist whenever Congress enacts a new law changing sentences (unless Congress intends re-opening sentencing proceedings concluded prior to a new law's effective date)." *Id.* This

---

[2] The Fair Sentencing Act ("FSA"), enacted on August 3, 2010, raised the amount of cocaine base (crack) required for imposition of the mandatory life sentence for defendants with two prior felony drug convictions from 50 grams or more to 280 grams or more.

language in *Dorsey* defeats Hakim's argument that passage of the FSA is an extraordinary circumstance that would entitle him to relief from the pre-FSA mandatory minimums. Congress and the courts decided that prisoners like Hakim who were sentenced before August 3, 2010 remain subject to the pre-FSA mandatory minimums. Accordingly, Hakim has failed to demonstrate that enactment of the FSA amounts to the "extraordinary circumstances" required to reopen his § 2255 under Rule 60(b).

Furthermore, Hakim cannot show extraordinary circumstances exist to consider his constitutional claims when, as discussed below, they have already been considered and expressly rejected by courts on the merits.

The Eighth Circuit has repeatedly rejected the cruel and unusual punishment challenge to mandatory life sentences under 21 U.S.C. § 841(b). *See United States v. Camberos-Villapuda*, 832 F.3d 948, 953 (8th Cir. 2016) (citing cases). The Eighth Circuit also rejected the Equal Protection challenge to the crack-powder sentencing disparity in *United States v. Fenner*, 600 F.3d 1014, 1024-25 (8th Cir. 2010) (holding that defendant's mandatory minimum sentence of life in prison for certain crack related offenses did not violate the Eighth Amendment, despite defendant's assertion that a "growing consensus" exists showing that "sentencing between crack and powder cocaine disproportionately punished African Americans"). *Fenner* also rejected a challenge to mandatory minimums based on the Fifth Amendment's Due Process Clause. *See* 600 F.3d at 1025 n. 8. Eighth Circuit precedent thus forecloses a constitutional challenge under the Fifth, Eighth, or Fourteenth Amendments to the mandatory minimum sentence to which Hakim was sentenced under the old law.

Hakim's argument that his sentence presents separation of powers concerns because it is not authorized by Congress must fail. His life sentence was, in fact, dictated by the statutory mandatory minimum established by Congress. "Congress has the power to define criminal punishments without giving the courts any sentencing discretion." *Chapman v. United States*, 500 U.S. 453, 467 (1991). In addition, the Eighth Circuit has rejected the argument that statutory mandatory minimum sentences violate the constitutional separation of powers. *See United States v. Prior*, 107 F.3d 654,

660 (8th Cir. 1997) (rejecting argument that § 841(b) usurps judicial function in violation of separation of powers by delegating to prosecutors the authority to control when district judges can depart from the mandatory minimum sentence).

Hakim makes arguments based on the two distinct parts of the drug trafficking provisions in 21 U.S.C. § 841. Subsection (a) entitled "Unlawful acts," defines the crime. It prohibits trafficking in any amount of an illegal drug. Subsection (b) entitled "Penalties," sets out the punishment for various drug types and quantities. It does not itself state a criminal offense. Prior to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), courts interpreted congressional intent as vesting the quantity determinations in the sentencing court. *See, e.g., United States v. Wood*, 834 F.2d 1382, 1388-90 (8th Cir. 1987). The holding of *Apprendi* is that any fact other than prior convictions that increases a defendant's penalty beyond the statutory maximum must be admitted by the defendant or proven to a jury beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490 (stating "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). To the extent Hakim is arguing that an error occurred regarding proof of the type and quantity of drugs involved in his case, that is incorrect. This Court followed *Apprendi* and specifically instructed the jury on the amounts of crack, and the jury found Hakim guilty of the crime of conspiracy to possess with intent to distribute or to distribute 50 grams or more of a mixture or substance containing cocaine base, as charged in the Indictment.

The Supreme Court extended *Apprendi* in *Alleyne v. United States*, 570 U.S. 99 (2013), holding that any fact that triggers a statutory mandatory minimum sentence must be submitted to a jury and proved beyond a reasonable doubt. When Hakim was sentenced, the 50 grams or more of cocaine base that was submitted to the jury and proven beyond a reasonable doubt triggered the application of the mandatory minimum sentence of 10 years and a statutory maximum of life imprisonment. Hakim's two prior drug felonies enhanced his mandatory minimum to life. To the extent Hakim is arguing that it was error to enhance his mandatory minimum sentence without requiring a jury finding on his prior convictions, that is also incorrect. Although the Supreme Court

expanded the scope of *Apprendi* in *Alleyne*, the Court did not eliminate the "prior conviction" exception. *See, e.g., United States v. Abrahamson*, 731 F.3d 751, 752 (8th Cir. 2013) (per curiam) ("[T]he Court in *Alleyne* left intact the rule that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury."). Thus, Hakim had no right to have the issue of his prior convictions submitted to the jury.[3]

Finally, Hakim's reliance on *Moncrieffe* and *Descamps* to justify a new challenge to his two prior felony drug offenses is misplaced. Hakim's sentence was enhanced to a mandatory life sentence pursuant to 21 U.S.C. § 841(b)(1)(A) because he had two prior convictions for felony drug offenses. "Felony drug offense" is defined in § 802(44) as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." The Supreme Court has held that the definition of "felony drug offense" set forth in § 802(44) provides the exclusive definition for "felony drug offense" as used in § 841(b)(1)(A). *See Burgess v. United States*, 553 U.S. 124, 129 (2008). Moreover, the Supreme Court in *Burgess* stated that § 802(44) is not ambiguous and does not implicate the rule of lenity in its application. *Id.* at 135-36 (holding that Congress's express definition of "felony drug offense" "is coherent, complete, and by all signs exclusive" leaving "no ambiguity for the rule of lenity to resolve"). "Section 802(44)'s definition of 'felony drug offense' as 'an offense . . . punishable by imprisonment for more than one year,' in short, leaves no blank to be filled by § 802(13) or any other definition of 'felony.'" *Id.* at 130. The Court stated that "[b]y recognizing § 802(44) as the exclusive definition of 'felony drug offense,' our reading serves an evident purpose of the 1994 revision [to § 841]: to bring a measure of uniformity to the application of § 841(b)(1)(A) by eliminating disparities based on divergent state classifications of offenses." *Id.* Therefore, a state drug offense

---

[3] Furthermore, *Alleyne* does not apply retroactively to Hakim's collateral attack on his sentence – which became final long before the 2013 decision in *Alleyne*. *See Walker v. United States*, 810 F.3d 568, 573 (8th Cir. 2016).

that is punishable by imprisonment for more than one year under state law qualifies as a "felony drug offense" pursuant to § 841(b)(1)(A). *See Burgess*, 553 U.S. at 129.

To the extent Hakim is arguing that courts must also apply the categorical approach set forth in *Moncrieffe* to the enhanced penalty provisions of § 841(b)(1)(A), that argument fails. *Moncrieffe* applied the categorical approach to the Immigration and Nationality Act ("INA"). Under the INA, an "aggravated felony" includes "illicit trafficking in a controlled substance," which includes a "drug trafficking crime" as defined in 18 U.S.C. § 924(c). *See* 8 U.S.C. § 1101(a)(43). Under the categorical approach, the court determines whether "the state statute defining the crime of conviction" categorically fits within the "generic" federal definition of a corresponding aggravated felony under the INA. *Moncrieffe*, 569 U.S. at 190. The Court is not aware of any authority for the proposition that the categorical approach would apply to determine if a prior drug offense qualifies as a "felony drug offense" pursuant to § 841(b)(1)(A).

Any suggestion by Hakim that courts must apply the modified categorical approach set forth in *Descamps* to determine if a prior drug offense qualifies as a "felony drug offense" pursuant to § 841(b)(1)(A) also fails. *Descamps* applied the modified categorical approach to determine whether a prior conviction is a violent felony or serious drug offense as defined in the Armed Career Criminal Act. This approach is used to determine which alternative element in a divisible statute formed the basis of the defendant's prior conviction. *Descamps*, 570 U.S. at 263-64. Hakim has not shown that the modified categorical approach applies to his sentence enhancement under § 841(b)(1)(A).

In conclusion the claims asserted by Hakim in this Rule 60(b) motion are without merit. Further, they could have been raised on direct appeal or in his first § 2255 petition. Hakim cannot now add new grounds for relief from his sentence and use Rule 60(b) to circumvent the requirements of the AEDPA. *Gonzalez*, 545 U.S. at 532.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability is required to appeal the denial of any motion that effectively seeks habeas relief. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam). Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Hakim has failed to make a substantial showing of the denial of a constitutional rights. Accordingly,

IT IS ORDERED:

1. That the Motion for Relief pursuant to Rule 60, doc. 110, is dismissed.

2. That a Certificate of Appealability shall not issue on the claim raised in the motion.

Dated this 27th day of August, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

BY:_____
   (SEAL)         DEPUTY